UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Case No. 11-15197 (SHL)

EMILIANO MORAN                                                         Chapter 13

                                          Debtor
-------------------------------------------------------x


**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C.
§ 506(a)(1) AND FED. R. BANKR. PROC. 3012 FIXING VALUE OF REAL PROPERTY,
RECLASSIFYING CLAIM NO. 6 AS UNSECURED, AND VOIDING LIEN OF
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR
ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-SL3**

          Upon the Motion (the "Motion") of Emiliano Moran (the "Debtor") dated September 26,

2012, for the entry of an order, pursuant to 11 U.S.C. §§ 105(a), 502(b), 506 (a) and Fed. R.Bankr.

P. 3012, for entry of an order 1) fixing the value of real property known as 2819 Heath Avenue,

Bronx, New York 10463 (the "Property") as Four Hundred Eighty Thousand ($480,000) Dollars,

and 2) permitting the Debtor to properly classify and treat the claim asserted by Deutsche Bank

National Trust Company, As Indenture Trustee for ACE Securities Corp. Home Equity Loan

Trust, Series 2007-SL3 ("Deutsche Bank") as wholly unsecured pursuant to 11 U.S.C. §§ 105(a),

502(b), 506 (a) and Fed. R. Bankr. P. 3012.   The Debtor provided Deutsche Bank with notice of

the Motion; no response or objection to the Motion was filed.   The Court conducted a hearing on

the Motion on March 7, 2013.   The Debtor appeared at the hearing by its counsel Ortiz & Ortiz,

L.L.P.; Deutsche Bank failed to appear at the hearing.   Due notice of the Motion having been

given and sufficient cause appearing therefore, it is

          **ORDERED**, that the Motion is granted in all respects; and it is further

          **ORDERED**, that pursuant to 11 U.S.C. §§ 105(a), 502(b), 506 (a) and Fed. R. Bankr. P.

3012, the value of real property is deemed as Four Hundred Eighty Thousand ($480,000) Dollars,

and it is further

**ORDERED**, that as a result of the first lien held by secured creditor Wells Fargo Bank,

N.A. d/b/a America's Servicing Company ("Wells Fargo"), and the secured claim filed by Wells

Fargo with the court in the amount of Four Hundred Eighty One Thousand Six and Seventy Six

Dollars and Six cents ($481,676.06), Deutsche Bank's claim, in the amount of One Hundred

Nineteen and Eighty Dollars and Three Cents ($119,080.03) as evidenced in the proof of claim

numbered Six (6) by the court's claims register, and known by Deutsche Bank by the account

number ending in 6593, is hereby deemed wholly unsecured.   It is further

**ORDERED**, that Deutsche Bank, N.A. ,shall provide to the Chapter 13 Trustee, within 30

days from the entry of this Order, a satisfaction of lien with respect to the Property, which shall be

held in escrow by the Chapter 13 Trustee until the Debtor has completed her chapter 13 plan and

becomes entitled to a discharge. Upon completion of the Debtor's chapter 13

plan and the granting of her discharge, the Chapter 13 Trustee shall submit the

satisfaction of lien to the Office of the Bronx County Clerk. In the event of

conversion or dismissal of the Debtor's chapter 13 case prior to the completion of his

chapter 13 plan and the granting of a discharge, the Chapter 13 Trustee shall destroy

the satisfaction of lien and this Order shall have no effect on the mortgage lien held

Deutsche Bank, N.A. ; and it is further

**ORDERED**, that within thirty (30) days of the date of the Notice of Entry of the within

order, Deutsche Bank, N.A. is ordered to provide the Chapter 13 Trustee Jeffrey Sapir with a

release of its lien in recordable form.   The Chapter 13 Trustee will provide the Debtor with the

release of lien after entry of a final order granting the Debtor a discharge.

Dated:  June 28, 2013
          New York, New York

_____/s/ Sean H. Lane_____
HONORABLE SEAN H. LANE
U.S. BANKRUPTCY JUDGE